Laurence F. Padway, SBN #89314
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-0680
Facsimile : (510)814-0650

Gregory A. Silva, SBN#67543
Stonehouse & Silva
512 Westline Drive, Suite 300
Alameda, California 94501

Voice : (510) 865-7350
Fax    : (510) 865-5754

Attorneys for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE PENCE,

        Plaintiff,

vs.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

        Defendant.

No. C07-03451

COMPLAINT FOR DISABILITY BENEFITS

"DEMAND FOR JURY TRIAL"

Comes now plaintiff alleging of defendant as follows:

### Jurisdiction

1. This suit seeks review of a failure to extend benefits under a long term disability plan which is not subject to ERISA, 28 U.S.C. 1132. Federal diversity jurisdiction arises under 28 U.S.C. 1332(a).

Complaint for Disability Benefits        1

# Facts

2. Plaintiff is a beneficiary of the University of California Long Term Disability Plan through her employment at the University of California. The plan is not subject to the Employee Retirement Income Security Act of 1974 because it is a governmental plan.

4. Defendant Liberty Life Assurance Company of Boston is an insurance company and corporation organized under the laws of the State of Massachusetts, with its principal place of business in Massachusetts.

5. Liberty Life issued a group disability insurance policy to the University of California which provides long term disability insurance for employees of that University who become disabled. The policy provides for disability payments as a percentage of prior earned income. The University of California is a governmental employer.

6. In 2003, while employed as a chemist by the University of California, Ms. Pence became disabled as the result of illness. She has been unable to work since December 12, 2003.

7. Plaintiff applied for short term and supplemental disability in August, 2004. Defendants denied the claim and the appeal. Under the policy Ms. Pence would have received benefits in the amount of $5347.30 monthly (less offsets) from December 12, 2003 or until Ms. Pence was able to return to work, or until she turns 65 on November 9, 2017. Ms. Pence received retirement benefits beginning October 2004 in the amount of $2949.18. She received workers' compensation (temporary) pay in the amount of $2608. per month until November, 2005, and workers' compensation (permanent) pay in the amount of $736. per month until January 2006. She received Social Security Disability pay from July 2004 until January 2005 in the amount of $1407, which was increased to $1445 until January 2006. She is currently receiving $1505. per month in Social Security benefits. Her loss through the end of February, 2007 totals: $4307.53. Total benefits lost through the time Ms. Pence turns 65 total: $114,161,29.

Complaint for Disability Benefits                    2

8. The termination of benefits was made without any change in Ms. Pence's medical condition or abilities, and it was done in bad faith.

9. These general allegations are incorporated into each claim for relief below.

FIRST CLAIM FOR RELIEF – BAD FAITH

10. Defendant Liberty Life undertook to insure Ms. Pence against disability and the associated financial calamity.

11. Defendant Liberty Life acted in bad faith in connection with the termination of benefits because, inter alia:

a. Defendant "cherry picked" the medical evidence, utilizing those parts which supported termination of benefits while ignoring other parts, instead of considering the information as a whole;

b. Defendant changed its position on benefit eligibility without any change in the underlying medical condition;

c. Defendant rejected the opinions of the treating physicians and those of its examining defense physicians, including its defense neuropsychologist, and simply continued seeking additional medical opinions until it found some which were satisfactory to its position.

12. The acts of defendant was and is in bad faith, and was and is being done fraudulently, maliciously and oppressively, with the knowledge that their acts are substantially certain to injure, vex, annoy and harass Ms. Pence and with conscious disregard of her rights.

Complaint for Disability Benefits                    3

13. As a proximate result of the foregoing, Ms. Pence has been damaged as set forth below.

SECOND CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. The actions of defendant, set forth in 1-13 above was and is extreme and outrageous, and was and is known by it to be substantially certain to cause Ms. Pence great emotional distress. In particular, defendant abused Ms. Pence's rights under the policy by changing its position on disability without a change in Ms. Pence's medical condition, by searching through multiple defense medical consultants until it found one whose opinion it desired and by arbitrarily rejecting the opinions of all of the treating health care providers. Defendant was well aware that Ms. Pence relied upon defendant for her financial security and well-being, and that the arbitrary termination of benefits would cause her great emotional distress.

15. These acts all were intended to and did cause Ms. Pence grave financial and emotional distress, and they were all a part of a corporate plan of Liberty Life Assurance Company of Boston to wrongfully deny benefits its insureds, in order to force them to file suit in the hope that defendant could then compromise the claim and cancel the remaining coverage due under the policy.

16. The actions of the defendant in terminating disability payments to Ms. Pence was known by it to be substantially certain to vex, injure, harass, and annoy Ms. Pence and was known by defendant to violate her rights.

17. The actions of defendant have been and are causing Ms. Pence great emotional and financial distress, not only by rendering her unable to pay her bills in timely fashion, but because the actions of the defendants have aggravated the financial stress and loss of security attendant to her

Complaint for Disability Benefits                4

already existing disability and thereby impaired her ability to recover from her illness.

18. As a proximate result thereof, Ms. Pence has been damaged as set forth below.

THIRD CLAIM FOR RELIEF - BREACH OF CONTRACT

19. By its actions, defendant Liberty Life breached the policy by failing to pay benefits due thereunder, and failing to process claims properly under the policy.

20. Ms. Pence performed all of her obligations under the policy.

21. As a proximate result of the foregoing, Ms. Pence has been damaged as set forth below.

DAMAGES

22. Ms. Pence has been damaged by loss of benefits due under the policy from December, 2003 through age 65 in the approximate sum of $114,161.29.

23. Ms. Pence has suffered general damages including loss of financial security, embarrassment and humiliation, and emotional distress, in an amount to be proven at trial, but estimated at $500,000.

24. Ms. Pence has been forced to retain counsel and incur fees and court costs in order to secure the benefits owed to her, in an amount not now known with certainty but to be proved at trial and estimated at $250,000. through trial.

Complaint for Disability Benefits                5

25. Because the acts of defendants were authorized and ratified by their management, and the conduct of defendants was fraudulent, malicious and oppressive, Ms. Pence is entitled to exemplary damages according to proof and estimated at $1 million.

26. Ms. Pence is entitled to prejudgment interest according to proof on all sums owed at the rate of 10 per cent per annum or according to proof.

Wherefore, Ms. Pence prays for relief as follows:

1. For benefits owed of approximately $114,161.29 or according to proof;

2. For general damages according to proof or in the sum of $500,000;

3. For exemplary damages according to proof or in the sum of $1,000,000.;

4. For prejudgment interest according to proof;

5. For costs of suit and attorneys fees herein incurred according to proof or in the sum of $250,000; and

6. For such other and further relief as the court deems just and proper.

Plaintiff hereby demands a jury trial.

Dated: 6/29/07

Laurence F. Padway
Attorney for plaintiff

Complaint for Disability Benefits                     6