1  LAURENCE F. PADWAY (SBN 89314)
   LAW OFFICES OF LAURENCE F. PADWAY
2  1516 Oak Street Suite 109
   Alameda, CA 94501
3  Telephone: (510) 814-0680
   Facsimile: (510) 814-0650
4
   GREGORY A. SILVA (SBN 67543)
5  STONEHOUSE & SILVA
   512 Westline Drive, Suite 300
6  Alameda, CA 94501
   Telephone: (510) 865 – 7350
7  Facsimile: (510) 865-5754

8  Attorneys for Plaintiff
   JANE PENCE

9
   PAMELA E. COGAN (SBN 105089)
10 KATHRYN C. CURRY (SBN 157099)
   JOANN BABIAK (2BN 209535)
11 ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
12 Redwood City, CA 94063
   Telephone:    (650) 364-8200
13 Facsimile:    (650) 780-1701
   Email:        pcogan@ropers.com
14               kcurry@ropers.com

15 Attorneys for Defendant
   LIBERTY LIFE ASSURANCE COMPANY OF
16 BOSTON

17

18                    UNITED STATES DISTRICT COURT
19                    NORTHERN DISTRICT OF CALIFORNIA

20 | JANE PENCE,                        | CASE NO. C07-03451
21 |        Plaintiff,                  | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
22 | v.                                 |
23 | LIBERTY LIFE ASSURANCE             | Case Management Conference
24 | COMPANY OF BOSTON,                 | Date: October 9, 2007
                                          Time: 2:00 p.m.
25 |        Defendant.                  | Dept.: Courtroom 11
26
27                                        The Honorable Martin J. Jenkins
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9 (a) and Federal Rules of Civil Procedure, Rule 26 and request the Court adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

This action arises out of Liberty Life Assurance Company's ("Liberty's") denial of disability benefits to plaintiff Jane Pence, on or about December 12, 2004.

Liberty issued a Group Disability Insurance Policy, number GD3 860 037972-01 to the University of California ("the Policy"), effective January 1, 2000. Plaintiff worked for Lawrence Livermore National Laboratory as a Computer Programming Associate, and was covered by the Policy. On December 12, 2003, plaintiff stopped working and thereafter submitted a claim for disability insurance benefits on or about August 2004 alleging she was unable to perform her occupation because of shoulder tendonitis. Following its review and investigation, Liberty denied her claim after it determined she did not meet the definition of totally disabled from her own occupation. Plaintiff appealed the decision and Liberty maintained its denial.

Plaintiff filed the present action on July 2, 2007 for breach of contract and breach of the implied covenant of good faith and fair dealing seeking contract and tort damages. Plaintiff contends that Liberty's denial of benefits was wrongful and in bad faith, claiming Liberty conducted a biased investigation. Liberty denies these allegations and contends its denial of plaintiff's claim was proper and reasonable.

**2. The principal factual issues which the parties dispute:**

    a. Whether plaintiff is totally disabled within the meaning and terms of the Policy;

    b. Whether plaintiff is entitled to disability insurance benefits;

    c. Whether Liberty investigated and denied plaintiff's disability insurance claim in bad faith, in breach of the duty of good faith and fair dealing;

d. Whether Liberty's handling and denial of the disability insurance claim was willful, oppressive, malicious and despicable, and done in conscious disregard of plaintiff's rights, entitling plaintiff to exemplary damages;

e. What damages, if any, are reasonable.

3. **The principal legal issues which the parties dispute:**

    a. Whether plaintiff was and is entitled to disability benefits under the terms of the Policy;

    b. Whether Liberty breached the contract by discontinuing benefits;

    c. Whether Liberty breached the implied covenant of good faith and fair dealing;

    d. What contract benefits, if any, are owed to plaintiff;

    e. What damages, if any, are recoverable by plaintiff;

    f. Whether Liberty is subject to punitive damages, and, if so, the amount thereof.

    g. Whether plaintiff's claim for tort damage for breach of the implied covenant of good faith and fair dealing is barred by the statute of limitations.

4. **Other factual issues:**

No factual issues regarding service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved.

5. **Parties which have not been served and the reasons:**

All parties have been served.

6. **Additional parties:**

The parties do not anticipate the joinder of any additional parties.

7. **Assignment of the Case to Magistrate Judge for Trial:**

Liberty does not consent to the assignment of the case to a magistrate for trial.

## ALTERNATIVE DISPUTE RESOLUTION

8. **The parties have filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request is:**

The parties agree to participate in mediation through the Northern District mediation program (ADR L.R. 6).

**9. Please indicate any other information regarding ADR process or deadline.**

Within 90 days per local rules.

## DISCLOSURES

**10. Initial Disclosures.** The parties agree to the initial disclosure date of October 2, 2007, as set by the Court's July 2, 2007 Order Setting Initial Case Management Conference and ADR Deadlines.

**Expert Disclosures.** The parties agree to an expert disclosure date, including the exchange of expert reports, of June 9, 2008.

**Supplemental Expert Disclosures.** The parties agree to a supplemental expert disclosure date, including the exchange of any supplemental expert reports, of June 23, 2008.

## DISCOVERY

**11. The parties agree to the following discovery plan:**

    a. The parties propose a non-expert discovery cut-off date of May 30, 2008.

    b. The parties propose an expert discovery cut-off date of July 18, 2008.

## TRIAL SCHEDULE

**12. The parties request a trial date as follows:**

    a. The parties request a pretrial conference date of August 26, 2008.

    b. The parties request a trial date of September 15, 2008.

**13. The parties expect that the trial will last for the following number of days:**

The parties request trial by jury. It is estimated that a jury trial in this case will take approximately 10 days.

## OTHER ISSUES

**A. Motion Schedule**

Defendant anticipates amending the complaint to include an affirmative defense based on the statute of limitations. Defendant may also file a motion for summary judgment and/or partial summary judgment as to the breach of the implied covenant of good faith and fair dealing claim. The parties propose a motion hearing cut-off date of July 26, 2008.

B.  **Limitations on Discovery**

The parties do not anticipate any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

Dated: September 20, 2007          LAW OFFICE OF LAURENCE F. PADWAY

By: _____
LAURENCE F. PADWAY
Attorneys for Plaintiff
JANE PENCE

Dated: September 20, 2007          ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
Pamela E. Cogan
Kathryn C. Curry
Attorneys for Defendant
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON

## CASE MANAGEMENT ORDER

The Case management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for this case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: September ____, 2007

_____
UNITED STATES DISTRICT JUDGE