PAMELA E. COGAN (SBN 105089)
KATHRYN C. CURRY (SBN 157099)
JOANN BABIAK (SBN 209535)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:   (650) 364-8200
Facsimile:    (650) 780-1701
Email: pcogan@ropers.com; kcurry@ropers.com
       jbabiak@ropers.com

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE PENCE,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendants. | CASE NO. C 07-03451 MJJ<br><br>**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S AMENDED ANSWER TO THE COMPLAINT OF PLAINTIFF JANE PENCE** |

Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("Liberty Life") in answer to the Complaint of plaintiff JANE PENCE ("Plaintiff") on file herein, and to each and every cause of action contained therein, admits, denies and alleges as follows:

1.  Answering the allegations contained in paragraph 1 of the Complaint, this answering defendant admits federal jurisdiction arises under 28 U.S.C. 1332(a).

2.  Answering the allegations contained in paragraph 2 of the Complaint, this answering defendant admits plaintiff was a beneficiary of the group disability insurance plan for the University of California and that it is a governmental plan not subject to the Employee Retirement Income Security Act of 1974. As to the remaining allegations contained in paragraph 2 of the Complaint, this answering defendant denies the allegations therein.

3. Answering the allegations contained in paragraph 3 of the Complaint, misidentified therein as paragraph 4, this answering defendant admits the allegations contained therein.

4. Answering the allegations contained in paragraph 4 of the Complaint, misidentified therein as paragraph 5, this answering defendant admits Liberty Life issued a group disability insurance policy to the University of California, which contains long term disability insurance coverage for certain employees. As to the remaining allegations contained in paragraph 4 of the Complaint, this answering defendant denies the allegations contained therein as an inaccurate and incomplete summary of the plan documents, which speak for themselves.

5. Answering the allegations contained in paragraph 5 of the Complaint, misidentified therein as paragraph 6, this answering defendant admits plaintiff stopped work on December 12, 2003 and denies the remaining allegations contained therein.

6. Answering the allegations contained in paragraph 6 of the Complaint, misidentified therein as paragraph 7, this answering defendant admits that plaintiff applied for short term and supplemental disability in August 2004. Further, this answering defendant admits it terminated disability benefits and that the decision was upheld on appeal. This answering defendant denies the remaining allegations therein as an inaccurate and incomplete summary of the policy, which speaks for itself.

7. Answering the allegations contained in paragraph 7 of the Complaint, misidentified therein as paragraph 8, this answering defendant denies each and every allegation contained therein.

8. Answering the allegations contained in paragraph 8 of the Complaint, misidentified therein as paragraph 9, this answering defendant incorporates by reference herein each of its admissions, denials and allegations contained in its responses to paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Answering the allegations contained in paragraph 9 of the Complaint, misidentified therein as paragraph 10, this answering defendant admits that it issued a group disability insurance policy to the University of California, and that plaintiff was a covered person under the plan. As to the remaining allegations contained in paragraph 9 of the Complaint, this answering

defendant denies the allegations contained therein.

10. Answering the allegations contained in paragraph 10 of the Complaint, misidentified therein as paragraph 11, this answering defendant denies each and every one of the allegations contained therein.

11. Answering the allegations contained in paragraph 11 of the Complaint, misidentified therein as paragraph 12, this answering defendant denies each allegation contained therein.

12. Answering the allegations contained in paragraph 12 of the Complaint, misidentified therein as paragraph 13, this answering defendant denies the allegations contained therein.

13. Answering the allegations contained in paragraph 13 of the Complaint, misidentified therein as paragraph 12, this answering defendant denies each allegation contained therein.

14. Answering the allegations contained in paragraph 14 of the Complaint, misidentified therein as paragraph 15, this answering defendant denies each allegation contained therein.

15. Answering the allegations contained in paragraph 15 of the Complaint, misidentified therein as paragraph 16, this answering defendant denies each allegation contained therein.

16. Answering the allegations contained in paragraph 16 of the Complaint, misidentified therein as paragraph 17, this answering defendant denies each and every allegation contained therein.

17. Answering the allegations contained in paragraph 17 of the Complaint, misidentified therein as paragraph 18, this answering defendant denies the allegations contained therein.

18. Answering the allegations contained in paragraph 18 of the Complaint, misidentified therein as paragraph 19, this answering defendant denies each and every allegation contained therein.

19. Answering the allegations contained in paragraph 19 of the Complaint, misidentified therein as paragraph 20, this answering defendant denies the allegations contained therein.

20. Answering the allegations contained in paragraph 20 of the Complaint, misidentified therein as paragraph 21, this answering defendant denies the allegations contained therein.

21. Answering the allegations contained in paragraph 21 of the Complaint, misidentified therein as paragraph 22, this answering defendant denies the allegations contained therein.

22. Answering the allegations contained in paragraph 22 of the Complaint, misidentified therein as paragraph 23, this answering defendant denies each and every allegation contained therein.

23. Answering the allegations contained in paragraph 23 of the Complaint, misidentified therein as paragraph 24, this answering defendant denies each and every allegation contained therein.

24. Answering the allegations contained in paragraph 24 of the Complaint, misidentified therein as paragraph 25, this answering defendant denies each and every allegation contained therein.

25. Answering the allegations contained in paragraph 25 of the Complaint, misidentified therein as paragraph 26, this answering defendant denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Conditions Precedent)

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that, at all times and places mentioned in the Complaint herein, plaintiff failed to perform certain conditions precedent to the duty of responding party. These conditions precedent were imposed upon plaintiff by contract. The non-performance of said condition excused responding party's obligations under the contract, and has given responding party the right of disaffirmance, rescission and release; plaintiff is thereby barred from recovery herein.

### THIRD AFFIRMATIVE DEFENSE

(No Coverage/Barred by Terms and Conditions)

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the claims alleged against defendant, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in the group disability income policy issued by this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiff failed to mitigate the amount of her damages. The damages claimed by plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to recovery under the complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

(Excessive Fines)

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's complaint, to the extent that it seeks exemplary or punitive damages pursuant to Civil Code Section 3294, violates defendant's rights

to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the exemplary or punitive damages claimed.

## SEVENTH AFFIRMATIVE DEFENSE

### (Substantive Due Process)

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief, and on that basis alleges, that plaintiff's complaint, and each cause of action stated therein, violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the exemplary or punitive damages claimed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Procedural Due Process)

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's complaint, to the extent it seeks exemplary or punitive damages pursuant to Civil Code Section 3294, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

## NINTH AFFIRMATIVE DEFENSE

### (Set Off)

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiff's recovery, if any, against the defendants must be off-set by all amounts of

overpayment of benefits to plaintiff and any interest owed thereon and by any other amounts appropriate for set-off.

### TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint is barred by the Doctrine of Unclean Hands.

### ELEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations/Contractual Limitations Period)

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the action is barred by the applicable statute of limitations period and/or the contractual limitations period contained in the policy as authorized by the California Insurance Code.

**WHEREFORE**, this answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by her complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: October 4, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/
PAMELA E. COGAN
KATHRYN C. CURRY
JOANN BABIAK
Attorneys for Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON